HARRY C. HALLENBECK, PLAINTIFF AND APPELLEE, v. DAVID B. R. CHAPMAN, DEFENDANT AND APPELLANT.

Submitted June Term, 1904—Decided November 7, 1904.

In an action for rent reserved under a written lease, parol evidence is inadmissible to show, in contravention of the terms of the lease, that the plaintiff had orally agreed at the time of the execution of the lease to make certain repairs to the demised premises and had failed to do so.

On appeal from the First District Court of the city of Newark.

Before Justices FORT and REED.

For the appellant, *Huntington W. Merchant* and *Hugh B. Reed.*

For the appellee, *Edwin G. Adams.*

The opinion of the court was delivered by

FORT, J. This is a suit for three months' rent reserved under a written lease. The lease contains the usual covenants and a clause by which the lessee will keep the premises in as good repair as the same shall be at the commencement of the term, &c.

At the trial it was proposed to recoup damages to be set off against the rents sued for, on the ground that at the time of the making of the lease the lessor had orally agreed to make certain repairs which he had not made, to the damage of the defendant.

The District Court rightly overruled this offer to prove. It was a proposition to change the terms of a written lease by oral evidence. Such testimony is inadmissible. *Naumberg* v. *Young,* 15 *Vroom* 331.

An oral agreement to surrender premises on condition that the tenant should not be held on his covenant in the lease to leave the premises in as good repair as when rented, it is held, after surrender, is not admissible in a suit upon the lease for breach of covenant to repair contained in the lease. *Snowhill* v. *Reed,* 20 *Vroom* 292.

The judgment of the District Court is affirmed, with costs.